# MAZZOLA LINDSTROM LLP

                                                              Hanoch Sheps
                                                              hanoch@mazzolalindstrom.com
                                                              (646) 216-8126

September 16, 2025

*Via* ECF

Honorable Nina R. Morrison, USDJ-EDNY
Morrison_Chambers@nyed.uscourts.gov
United States District Court
for the Eastern District of New York
New York, NY 11201

**Re:** *Caruso Glynn, LLC v. Liberty Corporate Capital Ltd.* **(1:25-cv-04312)**
      **Request to Remove Document ECF-1-5 from the Public Docket, and to**
      <u>**Direct that Defendant File a Redacted Version in its Stead**</u>

Dear Judge Morrison:

      On behalf of defendants, we hereby request that the court direct that ECF-1-5 (Contemporaneous Time Records) be removed from the public docket, and that plaintiff file, in its place, a redacted version.[1]

      ECF-1-5 contains plaintiff's invoices to defendants with detailed narrative entries from the underlying matter for which he now seeks compensation. These entries contain extensive material subject to the attorney-client privilege that plaintiff had no right to waive.

      Defendants are mindful of the principle that sealing documents filed with a court implicates both common-law and a qualified First Amendment rights of access to such documents. *Lugosch III v. Pyramid Co. of Onondaga*, 435 F. 3d 110, 119-20 (2d Cir. 2006); *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004). Nonetheless, we acknowledge the distinction between unsealing a document that has been sealed versus requesting that a document that has been made public be sealed.

      Where appropriate, courts do remove items from the public docket. See, *e.g.*, *Baldwin v. Lyondell Chem. Co.*, 2014 U.S. Dist. LEXIS 32899, at fn.4 (SDNY 2014) (Ronnie Abrams, USDJ-SDNY) (removing settlement agreement from public docket); *P&L Dev., LLC v. Gerber Prods. Co.*, 2022 U.S. Dist. LEXIS 4628, 2022 WL 94380 (Anne Y. Shields, USMJ-EDNY) (ordering redaction from public docket of pricing information); *Dorce v. City of New York,* 2024 U.S. Dist. LEXIS 7017, 2024 WL 139546 (Sarah L. Cave, USMJ-SDNY) (ordering clerk to seal previously publicly available docket entry containing privileged materials); *BSN Med., Inc. v. Parker Med. Assocs., LLC*, 2011 U.S. Dist. LEXIS 4833, 2011 WL 197217 (John F. Keenan, USDJ-SDNY) (ordering removal from public docket document that had been inadvertently filed); *United States v. Vilar*, 2021 U.S. Dist. LEXIS 21431 (Richard J. Sullivan, USDJ-SDNY) (ordering the removal from the public docket documents containing financial information and personal information).

---

[1] Undersigned counsel makes this limited appearance solely for the purpose of making this letter motion and hereby reserves all jurisdictional and affirmative defenses and the right to file a responsive pleading or motion.

Here, it is appropriate to remove unredacted billing entries from the docket because they contain privileged information and plaintiff cannot articulate any reason they ought to stay on the docket in unredacted form. The privilege attaches not only to communications by the client to the attorney, but also to advice rendered by the attorney to the client, at least to the extent that such advice may reflect confidential information conveyed by the client. *In re Keurig Green Mt. Single-Serve Coffee Antitrust Litig.*, No. 14 MD. 2542 (VSB) (SLC), 2020 WL 8465433, at *2 (S.D.N.Y. Oct. 30, 2020) (quoting *Bank Brussels*, 160 F.R.D. at 441–42).

It is well settled within the Second Circuit that the attorney-client privilege may be a sufficiently compelling reason to defeat the public's right of access to judicial documents. *Travelers Indem. Co. v. Excalibur Reinsurance*, No. 3:11-CV-1209 CSH, 2013 U.S. Dist. LEXIS 110400, at *5 (D. Conn. Aug. 5, 2013) (citing *Lugosch*, 435 F.3d at 125). Applying this principle, "courts in this circuit have found" that where, as here, administrative documents such as "time records, diary entries, time sheets, [and] billing reports . . . fall under the attorney-client privilege only if they reveal litigation strategy or other confidential information." *Bernstein v. Mafcote*, 43 F. Supp. 3d 109, 114 (D. Conn. 2014). Apparently deeming the task to be overly burdensome and impractical, plaintiff instead submitted unedited time records. This was a voluntary and intentional decision, not inadvertent or one that he was compelled to take.

Accordingly, it is respectfully requested that the court direct that ECF-1-5 be removed from the public docket, and that plaintiff file, in its place, a redacted version. We thank the court for its consideration of this request. At the very least, ECF-1-5 should be taken down until plaintiff can demonstrate a reason for it to be made public.

    Respectfully submitted,

    Mazzola Lindstrom LLP

    Hanoch Sheps

MAZZOLA LINDSTROM LLP