# MAZZOLA LINDSTROM LLP

Hanoch Sheps
hanoch@mazzolalindstrom.com
(646) 216-8126

October 24, 2025

*Via ECF*

Honorable Nina R. Morrison, USDJ-EDNY
Morrison_Chambers@nyed.uscourts.gov
United States District Court, EDNY
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    <u>*Caruso Glynn, LLC v. Liberty Corporate Capital Ltd. et al. (1:25-cv-04312)*</u>

Dear Judge Morrison:

    We represent Liberty, the Lloyd's syndicates (the "Lloyd's defendants"), AON and Riviana. We request a conference under Individual Practice Rule 5.1.1 to discuss scheduling a motion to dismiss, pursuant to Rule 12(b)(7) for failure to join indispensable parties; 12(b)(1) for lack of subject-matter jurisdiction as to the Lloyd's Defendants; and 12(b)(6) for failure to state a claim against AON and Riviana. The parties met and conferred without reaching any agreement.

## **Lloyd's Defendants**

    The complaint seeks to impose liability under subscription policies placed in the Lloyd's market. By its own allegations, those policies involve multiple syndicates subscribing to defined percentages of the risk [Compl. ¶ 24 and Fn 1.]. Yet plaintiff *intentionally* excluded syndicates whose participation is integral to the contracts at issue, including Canopius (Syndicate 4444) and Argo (Syndicate 1200). Both subscribed to the same risk and their contractual rights and obligations cannot be adjudicated in their absence. The omission precludes complete relief among the existing parties and exposes defendants to inconsistent obligations, rendering them "necessary parties" under Rule 19(a).

    The record confirms these omissions were deliberate. Annexed to the complaint are communications exchanged in the related *Riviana Warehouse Fire* subrogated recovery action showing Liberty and others' repeated warnings that jurisdictional defects arose because several syndicates were non-diverse or the amount in controversy against them was less than $75,000, thus destroying diversity jurisdiction.

    In a July 17, 2025 email, Barbuss's representative summarized the problem: "for the last three syndicates, there is no diversity jurisdiction because either we would be unable to identify the citizenship of every name for the particular syndicate, [or] the amount of their share of the loss falls below the $75,000 threshold for diversity, or both." Judge Pacold, presiding in that action, agreed that those syndicates are "necessary parties" rather than mere "interested" parties, requiring their joinder. Plaintiff knew that proceeding in federal court without them would create incurable jurisdictional defects.

    Despite this, plaintiff has attempted to plead around these defects by presenting a truncated roster of defendants, while failing to allege, much less establish, the amount in controversy for each named party. This tactic squarely implicates Rule 19. The absent

syndicates are necessary because their contractual interests will be impaired if the case proceeds without them, and because their exclusion leaves defendants at substantial risk of multiple or inconsistent obligations. Rule 19(a)(1)(B). The correspondence further demonstrates that plaintiff was well aware of these issues yet pressed forward in federal court regardless.

Rule 19 requires a pragmatic assessment of whether an action can proceed "in equity and good conscience" without necessary parties. *See* Rule 19(b). Here, the absent syndicates' contractual rights are prejudiced, defendants face a substantial risk of multiple or inconsistent obligations, any judgment rendered in their absence would be inadequate, and plaintiff retains an adequate remedy in state court. *See Glancy v. Taubman Ctrs.*, 373 F.3d 656, 672 (6th Cir. 2004). These factors point unmistakably toward dismissal. And because the indispensable syndicates cannot be joined without defeating diversity, the complaint is defective both under Rule 12(b)(7) and also a Rule 12(b)(1) due to a lack of subject-matter jurisdiction.

Joinder of the omitted syndicates is not feasible because it would destroy diversity jurisdiction. The law is clear that where necessary parties cannot be joined, the court must determine under Rule 19(b) whether the action can proceed "in equity and good conscience." *See Hood ex rel. Miss. v. City of Memphis*, 570 F.3d 625, 628–29 (5th Cir. 2009). The factors identified in Rule 19(b) weigh decisively in favor of dismissal.

The amount-in-controversy problem is particularly acute and plaintiff has failed to allege a sufficient amount in controversy under 28 U.S.C. § 1332(a). As the correspondence confirms, several subscribing syndicates' shares of the alleged loss fall well below that threshold. Plaintiff has not pled, and cannot establish, that each named defendant satisfies this requirement. His attempt to aggregate claims or selectively omit non-diverse and sub-threshold syndicates is a transparent effort to manufacture jurisdiction where none exists.

Plaintiff's position is that the amount in controversy exceeds $75,000 because the unpaid balance, collectively and in the aggregate, exceeds that sum. But claims against multiple defendants cannot be aggregated to meet the amount-in-controversy requirement of § 1332 unless the defendants are jointly liable. *See Chase Manhattan Bank v. Aldridge*, 906 F.Supp. 870, 874 (SDNY 1995); *Southeastern Solutions v. Icon Realty*, 2025 US Dist LEXIS 86613, at *3-4 (SDNY 2025). Plaintiff does not allege that the defendants are jointly liable, and nothing indicates that joint liability exists. Each defendant is independent. Dismissal for failure to meet the jurisdictional amount is justified when, as here, it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indemnity v. Red Cab*, 303 U.S. 283, 288-89 (1938); *Tongkook America*, 14 F.3d at 784. *Chase*, 906 F Supp at 874.

When liability among defendants is several, a plaintiff cannot aggregate its claims against individual defendants to satisfy the amount in controversy requirement, but must be satisfied as to each defendant. *Legacy Agency v. Scoffield*, 559 F. Supp 3d 195, 203-204 (SDNY 2021), citing *Chase*, 906 F Supp at 874; *Crouch v. Atlas Van Lines,* 834 F. Supp. 596, 604 (NDNY 1993) ("While the courts can aggregate all of the plaintiff's claims against one defendant to satisfy [the amount-in-controversy requirement] . . . or can aggregate claims against two or more defendants who are jointly liable . . . it cannot aggregate the claims against two essentially separate individual defendants to reach this amount.") (citations omitted); *Congram v. Giella,* No. 91 Civ. 1134, 1992 U.S. Dist. LEXIS 17230, *7 (SDNY 1992) ("In a diversity case

involving a single plaintiff and multiple defendants, aggregation of claims is not proper unless the liability to the plaintiff is common, undivided or joint. 'It is immaterial that the claims are transactionally related or that they arise from a common origin or document.'"), quoting 1 *Moore's Federal Practice* P 0.97[2] (2d ed. 1988); *Int'l Ins. v. Certain Underwriters at Lloyd's London,* No. 88 Civ. 9838, 1991 U.S. Dist. LEXIS 12937, *26 (N.D. Ill. 1991) (noting that if Lloyd's syndicates are not to be treated as entities, the plaintiff's claim against each syndicate member must meet the minimum jurisdictional amount at the time the suit was filed); *Uniroyal v. Heller,* 65 F.R.D. 83, 87-88 (SDNY 1974) (claims against multiple defendants cannot be aggregated when liability is several); *Moore's Federal Practice* P 0.97[2] ("Basically, aggregation is allowed when the defendants' liability to the plaintiff is common, undivided, or joint. It is not allowed when the defendants' liability is several, or if the claims against them are separate and distinct from one another.")

The complaint also glosses over plaintiff's own history with this matter. As defendants' correspondence reflects, plaintiff was terminated for cause from his role in handling the underlying file, having, *inter alia*, mismanaged the jurisdictional issues and directly contravening client directions, as Liberty's correspondence makes clear. That history raises significant credibility concerns and casts further doubt on his decision to omit indispensable syndicates in order to manufacture federal jurisdiction. While defendants recognize that favorable inferences must be afforded to plaintiff at this stage, such inferences cannot cure jurisdictional defects or excuse his failure to join indispensable parties.

That history, while not dispositive, underscores the gamesmanship evident in the complaint's selective pleading and confirms that plaintiff's jurisdictional representations should be treated with skepticism. In short, plaintiff has engaged in jurisdictional gamesmanship by selectively pleading parties and amounts in controversy, while ignoring well-documented and unavoidable defects in subject-matter jurisdiction. Rule 19 exists to prevent precisely this type of prejudice and inefficiency. Because indispensable parties are absent and cannot be joined without destroying diversity, dismissal under Rule 12(b)(7) is required.

**AON and Riviana**

AON was and is Riviana's broker. The sole substantive allegations against AON concern adjustment of Riviana's claim (Compl. ¶¶ 27, 29). AON had no role or authority in the adjustment of the claim, nor in the appointment and retention of non-party Barbuss Global. There is no good-faith connection between AON and plaintiff's prayer for relief against the Lloyd's Defendants.

As for Riviana, again, the adjustment of the claim is not at issue in the fee dispute. To the extent that plaintiffs' prayer for relief arises out of his work on the Riviana subrogated recovery action, there is still no good-faith basis for a claim against Riviana directly.

Defendants therefore intend to move to dismiss the complaint and respectfully request that the Court schedule a pre-motion conference.

Respectfully submitted,

Hanoch Sheps

MAZZOLA LINDSTROM LLP