MAZZOLA LINDSTROM LLP

Hanoch Sheps
hanoch@mazzolalindstrom.com
(646) 216-8126

November 14, 2025

***Via ECF***

Honorable Nina R. Morrison, USDJ-EDNY
Morrison_Chambers@nyed.uscourts.gov
United States District Court, EDNY
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:** ***Caruso Glynn, LLC v. Liberty Corporate Capital Ltd. et al. (1:25-cv-04312)***

Dear Judge Morrison:

Defendants the Lloyd's Syndicates, AON, and Riviana, respectfully submit this supplemental reply in accordance with the Court's Order dated November 10, 2025 (Doc. [30]), to explain in detail how and why the named Defendants face prejudice if the absent Lloyd's Syndicates (Canopius Syndicate 4444 and Argo Syndicate 1200) are not joined. This prejudice stems directly from the Plaintiff's attempt to enforce a single, lump-sum attorney fee claim arising from insurance policies that, by their nature, impose several liability, not joint liability.

**I. The Risk of Multiple and Inconsistent Obligations (Rule 19(a)(2)(ii))**

The Complaint seeks to recover one total attorney's fee of $745,182.52 for work performed on behalf of the entire subscription market, including the named and absent Syndicates. Plaintiff is therefore treating the fee claim as an indivisible obligation owed by all Syndicates collectively, even though their liability is several. This selective litigation exposes the named defendants to the quintessential prejudice Rule 19 is designed to prevent: multiple or inconsistent obligations arising from a single transaction.

The failure to join Canopius Syndicate 4444 and Argo Syndicate 1200 exposes the named Defendants to the exact harm contemplated by the Second Circuit. Where a claim—such as a debt or fee arising from a joint action—is indivisible, failure to join all parties with a stake in that claim forces the remaining defendants to absorb the risk and expense of subsequent litigation. The Southern District of New York explained this risk by noting that a party is indispensable when its absence could subject the obligors "to double liability on the same claim." *Errico v. Stryker.*, 2010 US Dist LEXIS 133567, at *9 (SDNY Dec. 13, 2010) (citing *William A. Gross Const., Ass*oc's. *v.* A*merican Manuf. Mut. Ins.*, 2009 WL 427280, at *11 n.24 (S.D.N.Y. 2009)). The Errico court stated (citations omitted):

> whereas joint and several liability makes joinder of a joint obligor necessary under Rule 19(a), the possibility of imposing multiple obligations upon a defendant may render an absent joint obligee indispensable under Rule 19(b). ("[W]here the absent party is a joint obligee rather than a joint obligor, the

courts will dismiss on indispensability grounds, because the absent party could bring a separate action, subjecting the obligors "to double liability on the same claim."); *Holland v. Fahnestock & Co.*, 210 F.R.D. 487, 502 n.6 (S.D.N.Y. 2002) (citing cases); *Rose*, 1995 U.S. Dist. LEXIS 17686, 1995 WL 702307, at *6 (discussing differences between absent "co-obligee on a contract claim" and "co-obligor"); *Spiro*, 1992 U.S. Dist. LEXIS 11500, 1992 WL 197405, at *2 (dismissing breach of contract action where joinder of minority owners as plaintiffs would destroy diversity). At least one commentator advises that a joint obligee is indispensable because "the duty or promise was made to the obligees jointly, not separately, and [therefore] mandatory joinder is justified." Wright, Miller & Kane, § 1613, at 181-82.

Specifically, if this Court adjudicates the reasonableness and total quantum of the $745,182.52 fee, the named defendants are simultaneously forced to pay the full judgment amount and then pursue contribution from the absent parties. Because the absent Syndicates are not parties here, they are not bound by this Court's judgment on the fee's validity, scope, or amount. The named Defendants would be compelled to initiate new litigation against the absent Syndicates to recover their pro-rata shares. That second court would be free to make entirely different findings, potentially ruling that the fee was unreasonable or that the absent Syndicates had already discharged their obligations. As the *Smith v. Kessner* court held in finding an absent co-investor indispensable, proceeding without that party would mean the defendants "would be subject to multiple obligations on the same claim." *Smith v. Kessner*, 183 F.R.D. 373, 375 (S.D.N.Y. 1998). In short, the named Defendants face an irremediable financial prejudice (double exposure and an inconsistent allocation of liability) and a severe impairment of their contribution rights by losing the shield of claim and issue preclusion against the two omitted Syndicates.

**II. Prejudice to Absent Parties (Rule 19(a)(2)(i))**

Furthermore, the absent Syndicates themselves are prejudiced because a judgment on the total $745,182.52 fee quantum, while not technically binding, will practically impair or impede their ability to protect their interests. Any finding of fact or law by this Court concerning the validity or calculation of the total fee will exert significant practical pressure and moral force on a subsequent state court judge, making it extremely difficult for the absent parties to effectively argue for a different outcome on the merits.

**III. The Amount in Controversy is a Separate, Independent Defect**

Finally, the jurisdictional defect under Rule 12(b)(1) is dual. Even if the Rule 19 issue were ignored, the Complaint fails to establish the requisite $75,000 Amount in Controversy as to certain named Defendants. As the policies are several, not joint, each Defendant’s liability is limited to its pro-rata share, and if that share is below $75,000, diversity jurisdiction fails. Dismissal for failure to meet the jurisdictional amount is justified when, as here, it “appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount.” *St. Paul Mercury*

*Indemnity v. Red Cab*, 303 U.S. 283, 288-89 (1938). Plaintiff's deliberate jurisdictional gamesmanship (admitting he omitted parties to preserve diversity) only serves to underline the necessity of rigorously applying the jurisdictional prerequisites.

In summary, the several liability structure, when paired with the Plaintiff's deliberate omission of indispensable parties, makes it impossible to fully and equitably adjudicate the total fee claim without exposing the named defendants to multiple, costly, and inconsistent obligations and judgments. As joinder would destroy diversity jurisdiction (a defect Plaintiff deliberately manufactured), dismissal is required under Rule 12(b)(7).

Respectfully submitted,

Hanoch Sheps