MAZZOLA LINDSTROM LLP

Richard E. Lerner
RICHARD@MAZZOLALINDSTROM.COM
O: 646.813.4345
M: 917.584.4864

September 22, 2026

**Via ECF**

Honorable Nina R. Morrison
United States District Court, EDNY
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: Caruso Glynn, LLC v. Liberty Corporate Capital Ltd. et al. (1:25-cv-04312)**

Dear Judge Morrison:

Pursuant to Rule 5.1.3 of this Court's Individual Practice Rules, defendants respectfully submit this letter in response to plaintiff's request for a pre-motion conference in advance of filing a motion for summary judgment on its claims for attorneys' fees. Defendants also note that plaintiff's letter does not comply with the Court's Rule 5.1.2.3, which requires the moving party to state whether settlement conference or mediation has occurred and to affirm that the movant has conferred with opposing counsel about the potential grounds for the summary judgment motion.

Defendants ask that the Court deny plaintiff's request to move for summary judgment as there are unresolved issues of fact. As recounted in defendants' letters to the Court, plaintiff provided legal services in the underlying matter *Riviana Foods and Interested Subrogated Underwriters v. Jacobson Warehouse*, before being terminated for mishandling the jurisdictional issues and ignoring client directions. (*See* 1:25-cv-04312, Letter, ECF 26, at 3). Although plaintiff states this case presents no genuine issue of fact, its letter is conclusory, unsupported by the record, and ignores that defendants have valid reasons for nonpayment. Additionally, this case is premature for summary judgment as defendants have neither filed an answer nor conducted discovery.

**1. Plaintiff Misapplies the Law-of-the-Case Doctrine to the Court's Finding of Joint Liability.**

Plaintiff's belief that the defendants have already been held "jointly and severally liable to plaintiff (which is now law of the case)" is an incorrect understanding of federal law. The Court's decision on a motion to dismiss that subject matter jurisdiction exists because defendants were alleged to have been jointly and severally liable is not subject to the law-of-the-case doctrine because a denial of a motion to dismiss is not law of the case. *McAnaney v. Astoria Fin. Corp.*, 665 F. Supp. 2d 132, 142 (E.D.N.Y. 2009) ("[B]ecause of the divergent standard of review applicable to motions to dismiss and motions for summary judgment, the law of the case doctrine is inapposite to the Court's analysis of whether, after the close of discovery, genuine issues of fact have been raised which survive summary judgment.") A jurisdictional question decided at an earlier stage is not the law of the case and may be revisited any time. *Rezzonico v.*

*H&R Block*, 182 F.3d 144, 149 (2d Cir. 1999) ("[R]eexamination of a question regarding our jurisdiction is especially important whenever there is a reason to believe that it may be lacking."); *see also Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-701 (2d Cir. 2000) (addressing a motion to dismiss for lack of subject matter jurisdiction made after trial).

Federal courts may dismiss a case for lack of subject matter jurisdiction at any time. *Norton v. Town of Brookhaven*, No. 2:13-cv-3520, 2020 U.S. Dist. LEXIS 10806, at *13-14 (E.D.N.Y. Jan. 21, 2020) (citing *Marcella v. Capital Dist. Physicians' Health Plan*, 293 F.3d 42, 47 (2d Cir. 2002)); *Arizona v. California*, 460 U.S. 605, 618 (1983) ("Law of the case directs a court's discretion, it does not limit the tribunal's power.") "[T]he law of the case doctrine is irrelevant to our review of subject matter jurisdiction." *Marcella*, 293 F.3d at 47. It is irrelevant whether the prior ruling made a decision about subject matter jurisdiction because the court could consider it "anew or for the first time," *Norton*, 2020 U.S. Dist. LEXIS 10806, at *14; *Gallup v. Business Research Bureau*, 688 F. Supp. 2d 915, 921 (N.D. Cal. 2010) (revisiting subject matter jurisdiction question on summary judgment); *Dilaura v. Power Auth.*, 982 F.2d 73, 76-77 (2d Cir. 1992) (no error to *sua sponte* revisit jurisdictional question decided on a motion for preliminary injunction); *Allah v. Juchnewioz*, No. 93-Civ.-8813, 2003 U.S. Dist. LEXIS 4265, at *8-9 (S.D.N.Y. 2003) (reversing decision to amend the complaint where subject matter jurisdiction was implicated).

There remain open questions about joint liability, which makes this case unripe for summary judgment. *See SSC Serv. Corp. v. Turen*, No. 2:15-cv-4160-KM-MAH, 2018 U.S. Dist. LEXIS 144881, at *26-27 (D.N.J. Aug. 27, 2018). Further factual development is necessary to demonstrate that subject matter jurisdiction is indeed lacking; that is, discovery will demonstrate that the defendant Lloyds' "names" were mutually understood to have been severally responsible to pay legal fees, and so the issue of diversity jurisdiction may be revisited.

**2. Plaintiff Fails to Identify to Identify the Absence of Genuine Issues of Fact.**

Plaintiff states this case is ready for summary judgment because there is no dispute that defendants are jointly obligated to pay its fee. Plaintiff, however, ignores that genuine disputes exist as to *why* plaintiff was not paid.

Rule 56 permits summary judgment only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law," and a dispute is genuine if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." *Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *CILP Assocs. v. PriceWaterhouseCoopers*, 735 F.3d 114, 123 (2d Cir. 2013). It is well understood that a party moving for summary judgment cannot base his motion on conclusory statements. *Bickerstaff v. Vassar College*, 196 F.3d 435, 452 (2d Cir. 1999).

Among other things, plaintiff states that there is no genuine dispute that it achieved "success" in the underlying matter and that the case eventually settled under the court's supervision. However, that is a mischaracterization of what actually transpired. The "success" that plaintiff claims it achieved is heavily disputed, given the jurisdictional defects it created by choosing to file in federal court rather than state court. In fact, after the district court judge

identified the defects seven years into the underlying matter, the parties agreed to pause discovery to explore mediation – mediation at the point of a gun, due to plaintiff's failure to file the case in the proper court, risking dismissal after years of litigation. The subsequent settlement (which fell well short of total success due to plaintiff's negligent analysis of diversity jurisdiction) thus occurred in spite of and not as a consequence of plaintiff's actions, inasmuch as the underlying defendants' liability was clear.

Plaintiff's bare assertion that it was terminated over a fundamental disagreement obscures the very nature of this case. Plaintiff was not terminated over a mere difference of opinion or dissatisfaction with its services, but over actions that jeopardized dismissal of the case and its failure to follow defendants' instructions. Indeed, this "fundamental dispute" is the core issue of this case because defendants intend to argue that plaintiff is not entitled to attorneys' fees ag all, because it was terminated for cause. *Campagnola v. Mulholland*, 76 N.Y.2d 38, 44 (1990). Adjudication of the reasonableness of plaintiff's actions is not an issue normally suitable for summary judgment. *Hayes v. New York City Dep't of Corrections*, 84 F.3d 614, 621 (2d Cir. 1996). Plaintiff's attempt to describe this case as having no genuine issue of fact elides that there is a deep dispute regarding nonpayment, based upon plaintiff's failure to follow instructions, its dilatory, sloppy and desultory litigation tactics, and its abject malpractice.

Furthermore, plaintiff's various assertions that there is no genuine issue of fact regarding its performance of legal work, reasonable hourly rate and lodestar calculation for attorneys' fees are inconsistent with caselaw. Calculation of attorneys' fees requires a fact intensive examination of various factors. *Sequa Corp. v. Gbj Corp.*, 156 F.3d 136, 148 (2d Cir. 1998). The quality of plaintiff's work – rather, the poor quality – will also be sharply challenged.

**3. The Record is Premature for Summary Judgment.**

"Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery." *Hellstrom v. United States Dep't of Veteran Affairs*, 201 F.3d 94, 97 (2d Cir. 2000); *see Com. Cleaning Servs. v. Colin Serv. Sys.*, 271 F.3d 374, 386 (2d Cir. 2001) ("[W]hen a party facing an adversary's motion for summary judgment reasonably advises the court that it needs discovery to be able to present facts needed to defend the motion, the court should defer decision of the motion until the party has had the opportunity to take discovery and rebut the motion."); *Toussie v. Allstate Ins.*, 213 F. Supp. 3d 444, 445 (E.D.N.Y. 2016) (stating that a motion for summary judgment is generally premature before a nonmovant has filed a responsive pleading); *Cusamano v. Alexander*, 691 F. Supp. 2d 312, 321 (N.D.N.Y. 2009) ("Plaintiff's cross-motion for summary judgment is premature because defendants have yet to file an answer to the amended complaint").

Here, the procedural posture presents none of the circumstances that justify the rare pre-discovery grant of summary judgment. *See Helios Int'l v. Cantamessa USA*, 23 F. Supp. 3d 173, 189 (S.D.N.Y. 2014) (noting courts deny pre-answer motions for summary judgment despite technical compliance with FRCP 56). For example, in *Toussie*, the court denied a pre-answer summary judgment motion since it would preclude defendant from raising affirmative defenses and counterclaims and prevent the court from completely adjudicating the case. *Toussie*, 213 F. Supp. 3d at 446. Similarly, here defendants have not filed an answer and have consistently disputed plaintiff's right to compensation. Additionally, discovery will be needed in order to defend against plaintiff's summary judgment motion.

Notwithstanding the above, defendants agree that plaintiff is entitled to $4,032.52 for expenses incurred in litigating the underlying matter. Defendants note that the sum of the expenses does not appear to total the amount claimed, when broken down by item-by-item. While plaintiff's math is incorrect, defendants have no interest in arguing over a trivial discrepancy.

In conclusion, defendants respectfully submit that plaintiff's request for leave to file a motion for summary judgment should be denied.

Respectfully submitted,

**MAZZOLA LINDSTROM LLP**

Richard E. Lerner

cc: Via ECF